PER CURIAM.*
Iiln these consolidated matters, this Court was asked to determine the proper venue for suits concerning the allocation of settlement and/or insurance funds involving Road Home program properties between the property owners, their attorneys, and the State.
Louisiana Revised Statutes 13:5104 is the mandatory general venue statute which applies in suits against State agencies, unless other more specific venue provisions apply in suits against particular agencies. Colvin v. Louisiana Patient’s Compensation Fund Oversight Board, 06-1104, 11 (La.1/17/07), 947 So.2d 15, 22. The statute reads in pertinent part:
A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capítol is located or in the district ] 2court having jurisdiction in the parish in which the cause of action arises.
La.Rev.Stat. § 13:5104. The place where the operative facts occurred which support the plaintiffs entitlement to recovery is where the cause of action arises. Colvin, 06-1104 at 13, 947 So.2d at 24.
In Colvin, we determined that the “operative facts which support the plaintiffs entitlement to recovery” all occurred in East Baton Rouge Parish, those operative facts being the state agency’s administrative decision not to settle the plaintiffs’ claims. Colvin, 06-1104 at 14, 947 So.2d at 24. We also recognized that many courts had held that where a state agency’s ministerial or administrative actions are called into question, East Baton Rouge Parish is the only appropriate forum. Colvin, 06-1104 at 14, 947 So.2d at 24.
More recently, in a suit against the Louisiana State University Board of Supervisors, we reiterated that when a plaintiff challenges a ministerial or administrative action of a state agency and the conduct complained of occurred in Baton Rouge where the decisions are made, East Baton Rouge Parish is the only proper venue. LeBlanc v. Thomas, 2008-2869, 9-10 (La.10/20/09), 23 So.3d 241, 246.
In the instant cases, the causes of action did not arise from hurricane damage to *1277 their homes, but from determinations made later by Road Home personnel in East Baton Rouge Parish, that the plaintiffs must now reimburse a portion of their Road Home grants. As we did in Colvin and LeBlanc, we find that where the plaintiffs challenge the ministerial decision of a state agency, the parish of proper venue is East Baton Rouge. Accordingly, we reverse the decisions of the courts below and sustain the exceptions of improper venue.
REVERSED, EXCEPTIONS OF IMPROPER VENUE SUSTAINED.
KNOLL, J., dissents and would deny the writ.

 Chief Justice Kimball not participating in this opinion.